IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY KNIGHT, | : | CIVIL ACTION NO. **3:CV-08-0495** |
| | : | |
| Plaintiff | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DANA SIMPSON, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

The Plaintiff, Kimberly Knight, while an inmate at the Monroe County Correctional Facility,

Stroudsburg, Pennsylvania ("MCCF"), filed this action, through counsel, pursuant to 42 U.S.C.

§ 1983, on March 19, 2008. (Doc. 1).[1] Plaintiff asserts eleven counts, including Constitutional

claims under §1983 (Counts I-VII), as well as pendent state law claims (Counts VIII-XI). Plaintiff

names ten (10) Defendants. Five Defendants are employed by MCCF. Three Defendants are the

Monroe County Commissioners. There are also two Defendants against which municipal liability

based on *Monell* is asserted, namely Monroe County ("MC") and MCCF.

Specifically, the Defendants are:

Dana Simpson, Corrections Officer ("CO");

Richard Chilmaza, Corrections Officer;

Frank Bell, Corrections Officer;

David G. Keenhold, CJM, Warden of the Monroe County Prison;

---

[1]Plaintiff avers that she began her confinement at MCCF in April 2006. (Doc. 1, p. 2).
She does not state whether she is still imprisoned at MCCF.

Daniel B. Slashinsky, Security Director, Monroe County Prison;

Robert Nothstein, Monroe County Commissioner;

Donna M. Asure, Monroe County Commissioner;

Susan F. McCool, Monroe County Commissioner;

Monroe County; and

Monroe County Correctional Facility.

(Doc. 1, p. 1).  Plaintiff sues all Defendants, except for MC and MCCF, in both their individual and official capacities. (*Id*.).

Plaintiff has paid the required filing fee.  This Court has jurisdiction over Plaintiff's case under 28 U.S.C. §§ 1331 and 1367. [2]

We now review the Plaintiff's pleading and find that, while it states an Eighth Amendment deliberate indifference claim and excessive force claim against Defendants Simpson, Chilmaza and Bell, it names some party defendants and claims subject to dismissal under § 1983 for failure to state a claim.

---

[2] The Court can exercise supplemental jurisdiction over Plaintiff's four pendent state law claims, Counts VIII-XI, if her federal claims are permitted to proceed.  If Plaintiff's federal claims are dismissed, this Court should not exercise jurisdiction over Plaintiff's pendent state claims contained in her Complaint.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966).

We have been assigned this case for pre-trial matters pursuant to 28 U.S.C. § 636(b)(1).

## II.  PLRA.

Notwithstanding Plaintiff's payment of the filing fee, the Prison Litigation Reform Act of 1995 (the "PLRA")[3] obligates the Court to engage in a screening process.[4]  Specifically, even though Plaintiff paid the filing fee for a civil rights action, we must still screen his complaint pursuant to 28 U.S.C. §1915A.  *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir. 2004) 2004 WL 229073 (Non-precedential) (If prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C. § 1915A(b) and not 28 U.S.C. § 1915(e)(2)(B)); *Vieux v. Smith*, 2007 WL 1650579 (M.D. Pa.).

Section 1915A provides:

> **(a) Screening**.- The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

>> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>> **(2)** seeks monetary relief against a defendant who is immune from such relief.

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[4]As stated above, Plaintiff paid the required filing fee.

### III. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

---

[5]Plaintiff alleges in her pleading that Defendants were all employees of MC. (Doc. 1, pp. 3-4). This is sufficient to show that Defendants were state agents.

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id.*  With these

principles in mind, Plaintiff's allegations with respect to the Defendants will be discussed.

## IV.  Motion to Dismiss Standard.

When evaluating a pleading for failure to state a claim, the court must accept all material

allegations of the complaint as true and construe all inferences in the light most favorable to the

plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for

failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46

(1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts

which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed

without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).  A complaint filed by a

*pro se* party should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the

Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes

v. Rowe*, 449 U.S. 5, 10 (1980) (citation omitted).

The Court uses the same standard to screen a complaint under the PLRA as it does for a

12(b)(6) motion to dismiss.  *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D Pa.).

**V. Allegations of the Complaint.**

In her Complaint, Plaintiff alleges during her incarceration at MCCF commencing in April 2006, she was repeatedly sexually harassed and assaulted by Defendant CO's Simpson, Chilmaza and Bell.  (Doc. 1, p. 2).  Plaintiff alleges that the supervisory Defendants and Defendants MC and MCCF were deliberately indifferent to her health and safety at the prison.  Plaintiff asserts a claim against Defendants MC and MCCF based on municipal liability under *Monell* (Count VII). Plaintiff also raises four state law claims against all Defendants, Counts VIII-XI.  Plaintiff asserts a conspiracy claim against all Defendants under § 1983, Count VI.  Plaintiff seeks compensatory and punitive damages against Defendants with respect to all eleven of her claims.

Plaintiff does not state that any Defendants other than CO's Simpson, Chilmaza and Bell were personally involved in the alleged sexual assaults and harassment.  As a result of the harassment and assaults by the CO Defendants, Plaintiff states that she suffered  physical injury and mental symptoms.  (Doc. 1).[6]

We find that Plaintiff has plead an Eighth Amendment claim against Defendants  CO's Simpson, Chilmaza and Bell regarding the alleged sexual assaults and harassment by these Defendants.

_____

[6]Plaintiff alleges mental injury, and this claim is not  precluded since she has alleged physical  injury. *See* 42 U.S.C. § 1997e(e).  The law is clear that an inmate may not file a federal civil rights action based on a claim of mental or emotional injury seeking compensatory damages without any prior showing of physical injury.  Here, the Plaintiff claims physical injury. Thus, a claim for damages for mental anguish is not precluded. *Allah v. Al-Hafeez,* 226 F.3d 247, 250-251( 3d Cir. 2000).

Plaintiff avers that she exhausted all of her Administrative remedies.  (Doc. 1, p. 3, ¶ 3.).[7]

Plaintiff requests as relief in her § 1983 action both compensatory and punitive damages with respect to all of her claims and as against all Defendants.

## VI.  Discussion.

### 1.  *State Law Claims, Counts VIII-XI*

Plaintiff seeks this Court to exercise its pendant jurisdiction over her four state law claims. (Doc. 1, pp. 16-18, ¶'s 81.- 92).  Plaintiff raises state law claims in Counts VIII-XI, respectively, for assault and battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.  (*Id.*).

Plaintiff asserts her four state law claims as against "All Defendants," including Defendants MC and MCCF.  However, Defendants MC and MCCF are entitled to governmental immunity with respect to Plaintiff's state law claims under the Pennsylvania Political Subdivision Tort Claim Act ("PSTCA"), 42 Pa. C.S.A. §§8541, *et seq.*  As the Court stated in *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 278 (E.D. P.a 2001):

---

[7]In her Complaint, Plaintiff indicates that she has fully exhausted the grievance procedure available at MCCF.  (Doc. 1, p. 3, ¶ 3.).  Plaintiff does not indicate if she exhausted all of her Constitutional claims she asserts in the present case as against all ten Defendants.

Plaintiff must exhaust her administrative remedies prior to filing a civil rights suit.  *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a)  applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.*  However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons.Stat. § 8541-64 grants governmental immunity to political subdivisions against claims for damages on account of any injury to a person or to property except for certain narrow exceptions. Under the Act, local agencies are not liable for injuries caused by their own acts or the acts of their employees that constitute "a crime, actual fraud, malice or willful misconduct," or for negligent acts unless they fall within one of eight categories.FN23 42 Pa. Cons.Stat. § 8542(a) "Local agency" means "a government unit other than the Commonwealth government." 42 Pa. Cons.Stat. § 8501. Both the police department and the City of Allentown are local agencies. Plaintiffs do not allege negligence within any of § 8542's enumerated categories.FN24 Therefore, all of plaintiffs' state law claims against the Allentown police department and the city of Allentown are barred, and we will grant summary judgment on the state law claims as to the Allentown police department and the City of Allentown.

> FN23. A local agency may be liable for negligent acts within the following categories: (1) vehicle liability, (2) care, custody or control of personal property, (3) real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks and (8) care, custody or control of animals. 42 Pa. Cons.Stat. § 8542(b).

> FN24. Indeed, plaintiffs allege that defendants committed intentional torts and negligent infliction of emotional distress, the basis for which is not a negligent act within one of the enumerated categories.

Defendants MC and MCCF are both local agencies for purposes of the PSTCA, and Plaintiff's state law claims against them do not allege negligence within any of the Act's enumerated categories. As in *DeBillis*, our Plaintiff alleges that Defendants committed intentional torts and negligent infliction of emotional distress, Counts VII-XI, and the basis for these four tort claims are not within one of the enumerated categories under § 8542 of the PSTCA.

Thus, we shall recommend that Plaintiff's four state law claims against Defendants MC and MCCF be dismissed since they are barred.  *See DeBellis, supra*.[8]

Also, to the extent that Plaintiff sues all eight individual Defendants in their official capacities (Doc. 1, pp. 1, 3-4), since judgment against Defendants in their official capacities would impose liability on Monroe County with respect to Plaintiff's four intentional tort claims against these Defendants, we will recommend that Plaintiff's four state law claims against these eight individual Defendants in their official capacities  be dismissed since they are barred under the PSTCA.  *See DeBellis, supra*.

Moreover, based on *DeBellis*, we find that supervisory Defendants Warden Keenhold, Security Director Slashinsky, and MC Commissioners Nothstein, Asure and McCool, should all be dismissed with respect to Plaintiff's state intentional tort claims since Plaintiff does not allege that any of these supervisory Defendants were actively involved in the sexual assault and sexual harassment of her by Defendant CO's Simpson, Chilmaza and Bell, that they were present when Plaintiff was sexually assaulted and harassed by the Defendant CO's, and they are not alleged to have directed that the Defendant CO's assault and harass her at MCCF.

The Court in *DeBellis* stated:

> Under the Pennsylvania Tort Claims Act, with limited exception, employees enjoy the same broad immunity that their employing agencies enjoy. "An

---

[8] Even though Plaintiff's state law claims allege that Defendants CO's Simpson, Chilmaza and Bell committed acts of willful misconduct, as the *DeBellis* Court noted, "the local agency itself does not lose its immunity from liability when an employee commits an act of willful misconduct. *Wakshul v. City of Philadelphia,* 998 F.Supp. 585, 588 (E.D.Pa.1998)." 166 F. Supp. 2d at 278, n. 25.

employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency ..." 42 Pa. Cons.Stat. § 8545. An employee of a local agency may, in addition, claim the defense of official immunity whereby an employee may assert that his or her conduct "was authorized or required by law, or that [the employee] in good faith reasonably believed the conduct was authorized or required by law." 42 Pa. Cons.Stat. § 8546(2).

However, if the court determines that the employee's act constituted "a crime, actual fraud, actual malice or willful misconduct," the employee's ability to claim both the Act's overall restriction on liability and the defense of official immunity is eliminated.FN25 42 Pa. Cons.Stat. § 8550. The Pennsylvania Supreme Court has decided that at least in the context of police misconduct cases, it is improper to equate willful misconduct with the commission of an intentional tort. Instead, there must be a determination not only that the officer committed the acts in question, but that he willfully went beyond the bounds of the law. *Renk v. City of Pittsburgh,* 537 Pa. 68, 641 A.2d 289 (Pa.1994). Therefore, an officer may be liable for false imprisonment and false arrest only if it is found both that there was no probable cause to make the arrest and that the officer knew that there was no probable cause, and for assault and battery if it is shown not just that he acted intentionally, but also that the officer knew that the force used was not reasonable under the circumstances. *See id.,* 641 A.2d at 293-94.

166 F. Supp. 2d at 278-279.

Since Defendants Warden Keenhold, Security Director Slashinsky, and Defendant MC Commissioners Nothstein, Asure and McCool lacked any direct involvement with Plaintiff's sexual assaults and harassment at MCCF, their involvement cannot constitute willful misconduct. (Doc. 1, pp. 8-12).[9]

---

[9]We note that while Plaintiff alleges that Defendants Warden Keenhold, Security Director Slashinsky, and Defendant MC Commissioners Nothstein, Asure and McCool knew or should have known about the conduct of Defendant CO's Simpson, Chilmaza and Bell, since these CO Defendants had prior complaints against them for sexual harassment and/or assault, Plaintiff does not allege that any of the five supervisory Defendants had any prior knowledge of any complaint by plaintiff against the CO Defendants for sexual harassment and/or assault and that, despite knowing of Plaintiff's complaints they, continued to allow the CO Defendants to come

As the *DeBellis* Court stated, "employees of local agencies enjoy the same degree of immunity from civil liability as do the agencies, so long as the employees have not engaged in criminal, fraudulent or malicious conduct, or in willful misconduct." 166 F. Supp. 2d at 279. Plaintiff only alleges that Defendant CO's Simpson, Chalaza and Bell engaged in criminal and willful misconduct. (Doc. 1, pp. 6-7). In fact, Plaintiff alleges that Defendant CO's Simpson, Chilmaza and Bell were all charged with two counts of Institutional Sexual Assault under the PA Crime Code, 18 Pa. C.S.A. § 3124.2.  (Doc. 1, p. 5, ¶ 21.).   Since Plaintiff does not allege that supervisory Defendants Warden Keenhold, Security Director Slashinsky, and Defendant MC Commissioners Nothstein, Asure and McCool engaged in willful conduct, we shall recommend that the four state law claims against them be dismissed entirely since they are immune from them pursuant to the PTCA.

While we find that Defendant CO's Simpson, Chilmaza and Bell, in their individual capacities, are not entitled to immunity under the PTCA with respect to Plaintiff's four tort claims, since they are all alleged to have engaged in criminal and willful misconduct, we do not find that Plaintiff has stated a false imprisonment claim against them, Count IX.  Plaintiff simply avers that "Defendants falsely imprisoned Plaintiff."  (Doc. 1, p. 17, ¶ 85.).  As the *DeBellis* Court stated:

> "In Pennsylvania, the elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." *Renk,* 641 A.2d at 293. An arrest is lawful if it is based upon probable cause. *Id.* We concluded at IV.A.4.a.ii., *supra,* that plaintiffs' allegations, even if true, and the facts, taken in the light most favorable to plaintiffs, do not show

---

into contact with Plaintiff at MCCF.  Doc. 1, pp. 8-10.

that the officers arrested DeBellis without cause. Thus, defendants are immune."

166 F. Supp. 2d at 279.

Plaintiff Knight does not allege that any Defendant unlawfully detained her. Plaintiff avers that during her incarceration at MCCF, Defendant CO's Simpson, Chilmaza and Bell arranged to meet her in the gym "where they would have sexual intercourse with Plaintiff," and that they would threaten to discipline her if she refused their advances. Plaintiff's allegations do not show that the CO Defendants unlawfully detained her at MCCF. (Doc. 1, p. 5). Therefore, we shall recommend that Plaintiff's Count IX, false imprisonment claim, be dismissed against Defendant CO's Simpson, Chilmaza and Bell.[10]

We find that Plaintiff has only stated state law claims for assault and battery (Count VIII) and intentional infliction of emotional distress ("IIED") (Count X)[11] against Defendant CO's Simpson,

---

[10]Even if Plaintiff did allege that Defendant CO's Simpson, Chilmaza and Bell falsely imprisoned her, the supervisory Defendants clearly did not have sufficient involvement with this claim, and it is not averred that they engaged in this willful misconduct. Thus, the supervisory Defendants are still entitled to immunity with respect to Plaintiff's false imprisonment claim even if it is found that she has stated such a claim against the three CO Defendants..

[11]Of course, as the *DeBellis* Court stated:

> "To recover for intentional infliction of emotional distress in Pennsylvania, a plaintiff must support the claim of emotional distress with competent medical evidence, in the form of expert medical evidence. *Hackney v. Woodring,* 539 Pa. 266, 652 A.2d 291, 292 (1994) (per curium); *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988, 995 (1987); *see also Campbell v. Speare,* No. CIV.93-3233, 1995 WL 143117, at *4 (E.D.Pa. March 30, 1995); *Neal v. Baker,* No. CIV.A. 93-6658, 1995 WL 136988, at *4 (E.D.Pa. March 30, 1995)." 166 F. Supp. 2d at 281.

Chilmaza and Bell.  *See DeBellis*, 166 F. Supp. 2d at 280-281.[12]

We also find that Plaintiff's negligent infliction of emotional distress claim (Count XI) should

be dismissed as against all Defendants.  As the *DeBellis* Court held:

> "Plaintiffs' negligent infliction of emotional distress claim does not fall
> within any of the specified categories where sovereign immunity has
> been waived. FN29 *See, e.g., Frazier v. Southeastern Pennsylvania Transp.
> Auth.,* 868 F.Supp. 757, 762 (E.D.Pa.1994); *Moser v. Bascelli,* 865 F.Supp.
> 249, 253 (E.D.Pa.1994). We grant summary judgment on the negligent
> infliction of emotional distress claim as to all of the defendants.
>
>> FN29. As discussed at IV.B.1 and IV.B.3, *supra,* political
>> subdivisions, as well as their employees, enjoy immunity
>> from liability for negligent acts that do not fall within
>> certain specified categories. "

166 F. Supp. 2d at 282.

*2. Section 1983 Claims*

We find that Plaintiff's general claims of supervisory liability under § 1983 (Count IV) as

against all Defendants fail to state a cognizable claim.  As stated above, *respondeat superior* is not

a basis to hold a Defendant liable in a § 1983 action.  The law is clear that *respondeat superior* is

not an acceptable basis to hold prison officials liable in a § 1983 action.  *See Sutton v. Rasheed*, 323

F.3d 236, 249-250 (3d Cir. 2003).  Rather, Plaintiff must allege the personal involvement of each

Defendant with respect to the violation of her Constitutional rights.  *Rode, supra; O'Connell*, 2008

---

Since we are only screening Plaintiff's Complaint under the PLRA, Plaintiff is not yet
required to produce any expert medical evidence regarding her IIED claim.  However,
Plaintiff will have to produce such evidence in order to present this claim at trial.

[12]As discussed above, we have found that Defendants MC and MCCF, as well as the
supervisory Defendants, are entitled to immunity with respect to all four of Plaintiff's state law
claims, Counts VIII-XI.

WL 144199, * 21.

In *O'Connell*, 2008 WL 144199, * 21, the Court stated:

> Personal involvement by a defendant can be shown by alleging either
> personal direction or actual knowledge and acquiescence in a
> subordinate's actions. *Rode*, 845 F.2d at 1207. "Allegations of
> participation or actual knowledge and acquiescence, however, must
> be made with appropriate particularity." *Id. See also Evancho v.
> Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Moreover, in order to maintain
> a claim for supervisory liability, a plaintiff must show: 1) that the
> supervising official personally participated in the activity; 2) that the
> supervising official directed others to violate a person's rights; or
> 3) that the supervising official had knowledge of and acquiesced in
> a subordinate's violations. *See Robinson v. City of Pittsburgh*,
> 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d
> 1186, 1190-91 (3d Cir. 1995).

Thus, we will recommend that Count IV of the Complaint be dismissed for failure to state

a claim.

We find that Plaintiff's vague conspiracy claim (Count VI) should be dismissed as against all

Defendants expect for Defendant CO's Simpson, Chilmaza and Bell. The Third Circuit in *Jones v.

Maher*, Appeal No. 04-3993 (3d Cir. 2005), slip op. p. 5, stated that broad and conclusory

allegations in a conspiracy claim are insufficient to state a viable claim. (Citation omitted). Also,

the United States District Court for the Middle District of Pennsylvania, in *Flanagan v. Shively*, 783

F. Supp. 922, 928-29 (M.D. Pa. 1992), *aff'd*. 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S.

829 (1993), stated as follows:

> Bare conclusory allegations of "conspiracy" or "concerted action"
> will not suffice to allege a conspiracy. The plaintiff must expressly
> allege an agreement or make averments of communication,
> consultation, cooperation, or command from which such an
> agreement can be inferred. In *Waller v. Butkovich,* 584 F.Supp. 909,
> 931 (D.C.N.C. 1984), the district court outlined the pleading

14

requirements in a conspiracy action.

> In most cases, a bare conclusory allegation of 'conspiracy' or 'concerted action' will not suffice.  The plaintiffs must expressly allege an agreement or make averments of 'communication, consultation, cooperation, or command' from which such an agreement can be inferred . . . (Citation omitted.) . . .  Allegations that the defendants' actions combined to injure the plaintiffs are not a sufficient basis from which to imply a conspiracy . . . (Citation omitted.)
> Additionally, the plaintiffs must make 'specific factual allegations connecting the defendant to the injury' . . . (Citations omitted.) . . .

The Plaintiff fails to state a conspiracy claim against all Defendants except for Defendant CO's Simpson, Chilmaza and Bell, in that she does not allege an agreement between any of the supervisory Defendants and Defendant CO's Simpson, Chilmaza and Bell to engage in sexual assaults of Plaintiff during her incarceration at MCCF.  Nor does Plaintiff allege that any Defendant other than Defendant CO's Simpson, Chilmaza and Bell concealed their wrongful acts.  There is no allegation that any of the supervisory Defendants played any role in the decision of Defendants Simpson, Chilmaza and Bell to sexually assault and sexually harass Plaintiff.  We find that Plaintiff's bare conclusory allegations of conspiracy against all Defendants except for Defendants Simpson, Chilmaza and Bell are inadequate to allege a conspiracy claim.  *See Flanagan, supra.*

Therefore, we will recommend that Plaintiff's conspiracy claim (Count VI) be only allowed to proceed as against Defendants Simpson, Chilmaza and Bell.

We find that Plaintiff has alleged a *Monell* municipal liability claim as against Defendants MC and MCCF (Count VII).  (Doc. 1, pp. 14-16).  When a claim against a municipality or governmental entity, such as the Defendants MC and MCCF, is based on Section 1983, the entity can only be

liable when the alleged constitutional violation implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). A governmental custom for purposes of Section 1983 is defined as "such practices of state officials...[as are] so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Id.* at 691. Custom can be shown by evidence of knowledge and acquiescence by high-level policy-makers. *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989). The court must then inquire "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The policy must be the "moving force" behind the constitutional violation. *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion)).

In this case, with respect to the Plaintiff's § 1983 claim against Defendants MC and MCCF, the Plaintiff alleges in her Complaint that MC and MCCF had a custom or policy to inadequately investigate claims of sexual misconduct by the prison staff, and that they had a policy to inadequately screen CO's when hiring them and training CO's, including CO's who were known to have engaged in sexual misconduct with inmates at MCCF. Plaintiff avers that Defendants MC and MCCF violated her Constitutionally protected right to be free from harm by prison staff. (Doc. 1, pp. 14-16).

"A plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and injuries suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). The law is clear that liability will not be imposed

under § 1983 on a *respondeat superior* or vicarious liability theory.   *See Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991).

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict.   A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law."   *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted).

The Court in *Stoneking v. Bradford Area School District*, 882 F.2d 720, 725 (3d Cir. 1989), held that liability for state officials can arise "from their policies maintained in deliberate indifference to action taken by their subordinates."   According to *Stoneking*, "a plaintiff must do more than show the defendant could have averted her injury and failed to do so.   In order to establish liability a plaintiff must demonstrate both that the defendant's policy, practice, or custom played an affirmative role in bringing about the [harm] and that the defendant acted with deliberate indifference to that [harm].   In order to establish deliberate indifference on the part of the defendant, 'something more culpable [must be shown] than a negligent failure to recognize [a] high risk of harm' to plaintiffs." *Id.; Black by Black v. Indiana Area School District*, 985 F.2d 707, 712-13 (3d Cir. 1993) (quoting *Colburn*, 946 F.2d at 1025).

Since a municipal liability claim is asserted against Defendants MC and MCCF, we shall recommend that it proceed in this case.   However, Plaintiff cannot seek punitive damages as against Defendants MC and MCCF.  (Doc. 1, p. 16).   As the *DeBellis* Court stated, "municipal entities are

immune from punitive damages under Section 1983." 166 F. Supp. 2d at 281-282(citation omitted). Thus, all of Plaintiff's claims for punitive damages as against Defendants MC and MCCF should be dismissed.

Further, to the extent that Plaintiff has sued all eight individual Defendants in both their individual and official capacities, she cannot obtain punitive damages against these Defendants in their official capacities. *DeBellis*, 166 F. Supp. 2d at 281-282 (citation omitted). Plaintiff can request punitive damages under her §1983 claims as against the eight non-municipal Defendants in their individual capacities. *Id.* Plaintiff can also request punitive damages in her remaining state law claims, *i.e.* assault and battery and IIED, as against Defendants Simpson, Chilmaza and Bell. *Id.*

We find that Plaintiff has stated an Eighth Amendment excessive force claim under § 1983 against Defendants Simpson, Chilmaza and Bell (Count I) and an Eighth Amendment sexual harassment claim against these Defendants (Count II). Plaintiff contends that the Eighth Amendment was violated because CO's Simpson, Chilmaza and Bell repeatedly sexually assaulted her and sexually harassed her. "The Eighth Amendment encompasses the treatment a prisoner receives while incarcerated, including sexual harassment, as long as two elements are met." *Harris v. Zappan*, 1999 WL 360203 *4 (E.D. Pa.) (Citation omitted). "The first element is objective; whether the constitutional deprivation was sufficiently serious." *Id*. (Citations omitted). The *Harris* Court then stated as follows:

> In the context of sexual harassment, this element requires "severe or repetitive sexual abuse of an inmate by a prison officer." *Boddie*, 105 F.3d at 861. The second element is subjective; whether the official had a "sufficiently culpable

18

> state of mind." *Young*, 960 F.2d at 360. "Where no
> legitimate law enforcement or penalogical purpose can be
> inferred from the defendant's alleged conduct, the abuse
> itself may, in some circumstances, be sufficient evidence
> of a culpable state of mind." *Culinary Manager II,* 30 F.Supp.2d
> at 497 (quoting *Boddie*, 105 F.2d at 861).

*Id.*

In the present case, accepting the allegations as true, Plaintiff has implicated a sufficiently serious deprivation of her rights by Defendants Simpson, Chilmaza and Bell. As the *Harris* Court stated, "[t]o be actionable, [the] sexual harassment must be incompatible with the '[c]ontemporary standards of decency.'" *Id.* * 5 ((citations omitted). As mentioned, our Plaintiff also claims that the three stated Defendants sexually assaulted her more than once, as well as harassed her. In this case, we find that the alleged repetitive sexual harassment, coupled with the assaults, are sufficiently serious to assert a recognizable Eighth Amendment claim as against Defendants Simpson, Chilmaza and Bell.

Moreover, as the Court stated in *Wright v. O'Hara*, 2004 WL 1793018 (E.D. Pa.) * 7, "Where Plaintiff has not been physically assaulted, Defendant's words and gestures alone are not of constitutional merit." (Citation omitted). The *Wright* Court also stated:

> "Mean harassment . . . is insufficient to state a
> constitutional deprivation." *Murray v. Woodburn*, 809 F.Supp.
> 383, 384 (E.D. Pa. 1993). Verbal abuse or threats alone
> do not state a constitutional claim. *See Maclean v. Secor*,
> 876 F.Supp. 695, 698 (E.D. Pa. 1995). "This is so because
> '[n]ot every unpleasant experience a prisoner might endure
> while incarcerated constitutes cruel and unusual
> punishment. *Ramos v. Vaughn*, No. 94-2596, 1995 U.S.
> Dist. LEXIS 2164 at *12 (E.D.Pa. June 27, 1995), *quoting*
> *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

*Id.* * 6.

In the *Wright* case, Plaintiff alleged that the CO verbally threatened and harassed him and lunged towards him with a fist, without any physical contact. The *Wright* Court concluded that this conduct, 'while inappropriate, does not give rise to an Eighth Amendment violation as it is not 'sufficiently serious'." *Id.* *7 (citation omitted). On the other hand, our Plaintiff alleges verbal sexual harassment with repeated physical contact.

Thus, Plaintiff has raised a constitutional violation with respect to the alleged sexual harassment and assaults by CO's Simpson, Chilmaza and Bell. Therefore, we find Eighth Amendment claims under §1983 asserted with respect to Defendant CO's Simpson's, Chilmaza's and Bell's alleged conduct towards Plaintiff (*i.e.* Counts I and II).

We do not find an Eighth Amendment failure to protect claim stated as against the five supervisory Defendants (Count III). Plaintiff only alleges that supervisory Defendants Warden Keenhold, Security Director Slashinsky, and Defendant MC Commissioners Nothstein, Asure and McCool "knew or should have known of Defendants, Simpson's, Chilmaza's and Bell's activities, that they had prior complaints for sexual harassment and/or assault and that Defendants Simpson, Chilmaza, and Bell, continued to come into contact with the Plaintiff at [MCCF]". (Doc. 1, pp. 8-10). Plaintiff also alleges that all Defendants are liable for failing to intervene to prevent the constitutional violations against her. (Doc. 1, p. 12, Count V). We find a failure to protect claim stated as against Defendants Simpson, Chilmaza and Bell, but not against the five supervisory Defendants, Warden Keenhold, Security Director Slashinsky, and MC Commissioners Nothstein, Asure and McCool.

20

These identical allegations against all five supervisory Defendants fail to state an Eighth Amendment claim against these stated Defendants for failure to protect. There is no claim that these supervisory Defendants knew Plaintiff had complaints for sexual harassment and sexual assault against Defendants Simpson, Chilmaza, and Bell, and that despite Plaintiff's complaints, they allowed the CO's to come into contact with Plaintiff at the prison. There is no claim that these supervisory Defendants knew Defendants Simpson, Chilmaza, and Bell had sexually harassed and assaulted Plaintiff in the past. There is no claim that Plaintiff was placed in risk of serious injury by the supervisory Defendants since Plaintiff does not state that she had made complaints to them about sexual assaults on her by Defendants Simpson, Chilmaza, and Bell, and that the supervisory Defendants took no action to protect her. There is no claim, that Plaintiff even told the supervisory Defendants that she was being sexually assaulted by Defendants Simpson, Chilmaza, and Bell, that they failed to act to protect her. Indeed, Plaintiff avers that Defendants Simpson, Chilmaza, and Bell were criminally charged with two counts of Institutional Sexual Assault. (Doc. 1, ¶ 21.). Plaintiff does not state if she was the victim with respect to the criminal charges filed against Defendants Simpson, Chilmaza, and Bell. Since the five supervisory Defendants are not alleged to have known Defendants Simpson, Chilmaza, and Bell were a threat to Plaintiff, or to have known that Defendants Simpson, Chilmaza, and Bell had previously assaulted Plaintiff and took no action to protect her, we find no Eighth Amendment claim against these five supervisory Defendants.

While "[t]he Constitution 'does not mandate comfortable prisons,' ... neither does it permit inhumane ones...." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, (1981)). "[I]t is now settled that 'the treatment a

prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970 (quoting *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Under *Farmer*, conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official Defendants. *Id*. at 834. Stated simply, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness. *Farmer,* 511 U.S. at 834-35 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392); *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321 (1991). In order to find an Eighth Amendment violation regarding conditions of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.  Plaintiff makes no such claim as to supervisory Defendants Warden Keenhold, Security Director Slashinsky, and Defendant MC Commissioners Nothstein, Asure and McCool.

With respect to Plaintiff's claim against supervisory Defendants Warden Keenhold, Security Director Slashinsky, and Defendant MC Commissioners Nothstein, Asure and McCool, who allegedly failed to protect Plaintiff from the Defendant CO's and failed to intervene, the Plaintiff has not sufficiently alleged their deliberate indifference.  The Court in *Moon v. Dragovich*, 1997 WL 180333 *4 (E.D. Pa.), stated the standard as follows:

> The Supreme Court has differentiated between excessive force cases and cases in which prison officials fail to prevent harm in determining the proof required to meet the two prongs of an Eighth amendment violation. *Compare Farmer,* 114 S.Ct. at 1977

> ("For a claim ... based on a failure to prevent harm, the inmate must show
> that he is incarcerated under conditions posing a substantial risk of serious harm.");
> *id.* at 1979 (prison official must be deliberately indifferent to
> substantial risk of harm). ...   Whether the court judges Thomas' conduct
> under the failure to prevent harm rubric or the excessive force rubric, [FN3] Moon
> must show that he has suffered more than *de minimis* harm:
> Not ... every malevolent touch by a prison guard gives rise to a federal
> cause of action. The Eighth Amendment's prohibition of "cruel and
> unusual" punishments necessarily excludes from constitutional
> recognition *de minimis* uses of physical force, provided that the use of
> force is not of a sort " 'repugnant to the conscience of mankind.' "

*Hudson,* 503 U.S. at 9; *see also Farmer,* 114 S.Ct. at 1977 (requiring risk of *serious* harm).

> FN3. Most cases that have considered the application of
> the Eighth Amendment to a prison guard's failure to intervene
> to protect an inmate from injury inflicted by other prison
> guards have concluded that such conduct must be judged
> under *Farmer's* deliberate indifference standard. *See Burgess
> v. Moore,* 39 F.3d 216, 218 (8th Cir.1994) (deliberate
> indifference standard applies when guards fail to intervene
> in attacks by other guards); *Buckner v. Hollins,* 983 F.2d 119,
> 122-23 (8th Cir.1993) (same); *cf. Urrutia v. Harrisburg
> County Police Dept.,* 91 F.3d 451, 456 (3d Cir.1996)
> **(noting that deliberate indifference standard should
> apply to claims that prison officials failed to protect
> inmate from violent attack whether or not the attack
> comes from another inmate).**

(Emphasis added).

The Eighth Amendment requires that the official must know of and disregard an excessive

risk to inmate health or safety. *Farmer,* 511 U.S. at 837.  "[T]he official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." *Id.* "The question...is whether prison officials, acting with deliberate

indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future

health.'" *Farmer*, 511 U.S. at 843.

As stated, Plaintiff has failed to state that any of the five supervisory Defendants had specific knowledge that the Defendant CO's had sexually assaulted her or that they were a threat to her. Plaintiff simply avers that, just because the supervisory Defendants knew of (or should have known of) prior complaints about the Defendant CO's for sexual harassment and assault, not complaints from Plaintiff about assaults on her, Defendants violated her Eighth Amendment rights by allowing the CO's to come into contact with her at the prison.  Under such a broad claim as Plaintiff makes, each and every female inmate at MCCF during the relevant time of this case, who did not have a prior complaint against the Defendant CO's for sexual harassment or assault, would have an Eighth Amendment failure to protect claim against the five supervisory Defendants.[13]

We will recommend that Count III, failure to protect claim, be dismissed as against the five supervisory Defendants.  Since Count III is only against the five supervisory Defendants, we shall recommend that this Count be dismissed in its entirety.

We will recommend that Count V, failure to intervene, be dismissed as against the five supervisory Defendants, but that it be allowed to proceed as against Defendants Bell , Simpson and Chilmaza.[14]

---

[13]Plaintiff has not requested such class certification with respect to any of her claims in this case pursuant to Fed.R.Civ.P. 23.

[14]While Plaintiff 's Count V is captioned as against "All Defendants," it is also captioned as a claim under §1983 for "Failure to Intervene, Non-Supervisory."  (Doc. 1, p. 12).  Thus, it is not clear if Plaintiff has intended to assert her Count V as against the five supervisory Defendants.  In any event, we will recommend that Count V, failure to intervene, be dismissed as against the five supervisory Defendants but that it be allowed to proceed as against Defendants Bell, Simpson and Chilmaza.

Plaintiff has not properly alleged that Defendants Warden Keenhold, Security Director Slashinsky, and Defendant MC Commissioners Nothstein, Asure and McCool were deliberately indifferent to her safety or that they failed to take steps to prevent the sexual assaults on her by the Defendant CO's, since there is no claim that they were aware the CO's were assaulting and harassing her and that they took no action to prevent further assaults on Plaintiff. Plaintiff does not state that she complained to the supervisory Defendants about the CO's and that they did nothing to prevent or stop further assaults on her, as is necessary to establish an Eighth Amendment claim against them. In fact, we find no mention in Plaintiff's allegations that she was one of the complainants against the CO's. There is no indication that the five supervisory Defendants were aware that the CO's were assaulting Plaintiff during the relevant time, and that they nevertheless failed to intervene or prevent the assaults. Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976). In fact, Plaintiff alleges that Defendants conspired to conceal their wrongful acts. (Doc. 1, p. 13). The only willful misconduct which we have found was committed in this case was by Defendants Bell, Simpson and Chilmaza. We have also found that Plaintiff has only stated a § 1983 conspiracy claim as against the three CO Defendants.

We find that Plaintiff has stated an Eighth Amendment excessive force claim and harassment claim under §1983 against Defendants Bell, Simpson and Chilmaza (Counts I and II), but we find

that the failure to protect claim against the supervisory Defendants (Count III) and the failure to intervene claim (Count V) against all Defendants[15], except for Defendants Bell, Simpson and Chilmaza, should be dismissed.

With respect to Plaintiff's allegations against the five supervisory Defendants, that they failed to protect Plaintiff from the sexual assaults (Count III), as discussed above, we find that they do not amount to an Eighth Amendment violation. Further, *respondeat superior* (Count IV) is not an acceptable basis to hold prison officials and MC Commissioners liable in a § 1983 action. *See Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). The supervisory Defendants are not alleged to have participated or acquiesced in any of the alleged assault incidents. Nor are they alleged to have been aware of any specific risk to our Plaintiff at the prison. Plaintiff only alleges that these Defendants were aware of prior complaints about sexual harassment and assault by the three CO Defendants, but not complaints by her about the CO's. Thus, we will recommend that Counts III and IV as against the five supervisory Defendants be dismissed. *See Rode,* 845 F.2d at 1208; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985) (per curiam) (a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of section 1983). Permitting supervisory liability where a defendant, after being informed of the

---

[15]The Court in *Baker v. Morgan*, 2006 WL 1214808 (E.D.Pa.,2006), held that prison officials were liable under the Eighth Amendment for using excessive force against a prisoner, or failing to intervene in the use of excessive force when they have a reasonable opportunity to do so. We find that only Defendants Bell, Simpson and Chilmaza are alleged to have had a reasonable opportunity to intervene in the alleged sexual assaults on Plaintiff by their fellow Defendant CO's, since it is only alleged that the CO Defendants had knowledge of the assaults on Plaintiff. Plaintiff does not allege that any supervisory Defendant had knowledge that the CO Defendants were assaulting and harassing her, and that they failed to protect her despite this knowledge.

violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. *Rizzo, supra.*  Allowing only a letter sent to an official to be sufficient to impose supervisory liability would permit an inmate to subject defendants to potential liability in any case in which the prisoner merely transmitted correspondence to the official.  *Id.*  Thus, several courts have held that "it is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Greenwaldt v. Coughlin*, 1995 WL 232736, at *4 (S.D.N.Y. Apr.19, 1995) (citations omitted); *accord Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under section 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) ("Receiving letters or complaints ... does not render [prison officials] personally liable under § 1983."); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability.") (citations omitted). The Second Circuit Court has stated that "if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose respondeat superior liability." *Walker v. Pataro*, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002).

We find that Plaintiff does not state a claim as to the five supervisory Defendants in Count III and IV, and her allegations against them do not amount to a violation of her civil rights.  In any event, the Complaint's allegations that CO's Bell, Simpson and Chilmaza  sexually assaulted her and

sexually harassed her are insufficient to establish a claim against the supervisory Defendants, since the Plaintiff has failed to state how their knowledge about the prior complaints against the CO Defendants regarding other inmates led to the alleged violation of her constitutional rights. Therefore, we will recommend that Counts III and IV be dismissed in their entirety from this case.

There is no claim that the supervisory Defendants were aware that Plaintiff was at risk from sexual assaults by staff or that she was assaulted in the past. Thus, we fail to see how Plaintiff's claim that supervisory Defendants' knowledge of prior complaints against the CO Defendants by other inmates makes these Defendants responsible for the assaults on her. We find no Eighth Amendment failure to protect claim stated against the five supervisory Defendants.

Regarding supervisory Defendants, Plaintiff alleges that these Defendants knew about the activities of the CO Defendants since the CO's had prior complaints against them for sexual harassment and assault, and these supervisory Defendants continued to let the CO's come into contact with Plaintiff at MCCF. Thus, Plaintiff claims that the supervisory Defendants did nothing to protect her from sexual assaults even though these Defendants knew that the CO Defendants were harassing and assaulting others. Plaintiff does not state that the supervisory Defendants were aware that the CO Defendants were a threat to her or were aware that she was at a substantial risk of serious harm from a sexual assault by the CO Defendants, and that they drew such an inference. In fact, Plaintiff avers that the supervisory Defendants knew or should have known of the Defendant CO's activities since the CO's had prior complaints for sexual harassment and assault. (Doc. 1, pp. 8-9). Plaintiff does not state that any of the supervisory Defendants knew that the CO's were a substantial risk to her and that they drew an inference that the CO's would inflict serious harm on

her.  Nor does Plaintiff allege that, after the supervisory Defendants became aware of the CO's assaults on her, they did nothing.  In fact, Plaintiff alleges that the CO Defendants were charged with two counts of Institutional Sexual Assault.  (Doc. 1, p. 5).  Thus, we find that Count III in its entirety, since it is only asserted as against the supervisory Defendants, should be dismissed.

Plaintiff avers that the Eighth Amendment was violated because Defendant CO's sexually assaulted her and sexually harassed her (Counts I and II).  "The Eighth Amendment encompasses the treatment a prisoner receives while incarcerated, including sexual harassment, as long as two elements are met." *Harris v. Zappan*, 1999 WL 360203 *4 (E.D. Pa.) (Citation omitted).  "The first element is objective; whether the constitutional deprivation was sufficiently serious." *Id*. (Citations omitted).  The *Harris* Court then stated as follows:

> In the context of sexual harassment, this element requires "severe or repetitive sexual abuse of an inmate by a prison officer." *Boddie*, 105 F.3d at 861.  The second element is subjective; whether the official had a "sufficiently culpable state of mind." *Young*, 960 F.2d at 360.  "Where no legitimate law enforcement or penalogical purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." *Culinary Manager II,* 30 F.Supp.2d at 497 (quoting *Boddie*, 105 F.2d at 861).

*Id*.

In the present case, accepting the allegations as true, Plaintiff has implicated a sufficiently serious deprivation of her rights by CO Defendants Bell, Simpson and Chilmaza.  As the *Harris* Court stated, "[t]o be actionable, [the] sexual harassment must be incompatible with the '[c]ontemporary standards of decency.'" *Id*. * 5 ((citations omitted).  As mentioned, our Plaintiff also claims that the three stated Defendants sexually assaulted her more than once, as well as harassed

her.  Plaintiff does not only allege that these Defendants made some sexual comments towards her. In this case, we find that the alleged repetitive sexual harassment, coupled with the assaults, are sufficiently serious to assert recognizable Eighth Amendment claims as against Defendants Bell, Simpson and Chilmaza.

Thus, Plaintiff has raised a constitutional violation with respect to the alleged sexual harassment and assaults by CO's Bell, Simpson and Chilmaza.  Therefore, we find Plaintiff's Eighth Amendment claims (Counts I and II) asserted with respect to Defendant CO's Bell, Simpson and Chilmaza should proceed.

## VII.  Recommendation.

Based on the above, it is respectfully recommended that this case proceed with respect to Plaintiff's claims under the Eighth Amendment (Counts I and II) against Defendants Bell, Simpson and Chilmaza.  We recommend that Plaintiff's four state law claims against Defendants MC and MCCF be dismissed since they are barred.  Further, we recommend that Plaintiff's four state law claims against the eight individual Defendants in their official capacities  be dismissed since they are barred under the PSTCA.  We also recommend that supervisory Defendants Warden Keenhold, Security Director Slashinsky, and MC Commissioners Nothstein, Asure and McCool, should all be dismissed with respect to Plaintiff's four state intentional tort claims (Counts VIII-XI).  We recommend that Plaintiff's Count IX, false imprisonment claim, be dismissed as against Defendant CO's Simpson, Chilmaza and Bell.  Thus, we recommend that Plaintiff's Count IX, false imprisonment claim, be dismissed entirely from this action.

We also recommend that Plaintiff's negligent infliction of emotional distress claim (Count XI) should be dismissed as against all Defendants.  We recommend, since Plaintiff's general claim of supervisory liability under § 1983 (Count IV) as against all Defendants fails to state a cognizable claim, that Count IV be dismissed in its entirety from this action. We find that Plaintiff's vague conspiracy claim (Count VI) should be dismissed as against all Defendants expect for Defendant CO's Simpson, Chilmaza and Bell.

We recommend that Plaintiff be allowed to proceed with her *Monell* municipal liability claim as against Defendants MC and MCCF (Count VII).  We recommend that all of Plaintiff's claims for punitive damages as against Defendants MC and MCCF should be dismissed.  We recommend that, to the extent that Plaintiff has sued all eight individual Defendants in both their individual and official capacities, her claim for punitive damages against these Defendants in their official capacities should be dismissed.

We recommend that Plaintiff's Eighth Amendment excessive force/sexual assault claim against Defendants Simpson, Chilmaza and Bell (Count I) and Eighth Amendment harassment claim against these Defendants (Count II) under § 1983 be allowed to proceed.  We recommend that Plaintiff's Eighth Amendment failure to protect claim (Count III) asserted against the five supervisory Defendants, Warden Keenhold, Security Director Slashinsky, and MC Commissioners Nothstein, Asure and McCool, be dismissed.  Therefore, we recommend that Counts III and IV  be dismissed entirely from this case.

We recommend that Count V, failure to intervene, be dismissed as against the five supervisory Defendants, but that it be allowed to proceed as against Defendants Bell, Simpson and

Chilmaza.   Therefore, we recommend that the the five supervisory Defendants be dismissed entirely from this action.   Further, we recommend that Plaintiff's claims for monetary damages as against all Defendants in their official capacities be dismissed.[16]

Finally, we recommend that this case be remanded to the undersigned for further proceedings against the remaining Defendants with respect to the remaining claims.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 3, 2008**

---

[16]As stated, Plaintiff sues the individual Defendants in their official capacities and in their individual (personal) capacities.  (Doc. 1, pp. 1, 3-4).  To the extent that Plaintiff is seeking monetary damages from Defendants in their official capacities, these requests  for relief should be dismissed.  Plaintiff cannot sue the state actor Defendants for monetary damages in their official capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.);  *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential) ("The Eleventh Amendment does not bar suits against state officials in their personal capacities.").

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY KNIGHT, | : | CIVIL ACTION NO. **3:CV-08-0495** |
| | : | |
| Plaintiff | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DANA SIMPSON, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 3,2008.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

**Dated: April 3, 2008**