UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY KNIGHT,                :
                                :CIVIL ACTION NO. 3:08-CV-0495
            Plaintiff,          :
                                :(JUDGE CONABOY)
        v.                      :(Magistrate Judge Blewitt)
                                :
DANA SIMPSON, et al.,           :
                                :
            Defendants.         :
                                :

FILED
SCRANTON

0% 2008

## **MEMORANDUM**

Here we consider Magistrate Thomas M. Blewitt's Report and Recommendation issued pursuant to the screening required under the Prison Litigation Reform Act, specifically 28 U.S.C. § 1915A. (Doc. 3.) Plaintiff filed this 42 U.S.C. § 1983 action through counsel on March 19, 2008, while an inmate at the Monroe County Correctional Facility ("MCCF"), Stroudsburg, Pennsylvania. (Doc. 1.) The matter was assigned to United States Magistrate Judge Thomas M. Blewitt, who issued the Report and Recommendation (Doc. 3) considered here on April 3, 2008, recommending upon initial screening that certain claims and Defendants be dismissed from this action and that the case be remanded to him for consideration of the remaining matters (*id.* at 30-34).

No objections have been filed to the Magistrate Judge's Report and Recommendation and the time for such filing has passed. When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. *See Thomas v. Arn*, 474 U.S. 150-53 (1985). Moreover,

when no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation. *See Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

Here we agree with many of the Magistrate Judge's findings. However, in light of the liberal pleading standard in the federal rules and our obligation to make reasonable inferences in favor of Plaintiff, we conclude that certain additional claims should go forward.

## I. Background

Because Plaintiff has not filed objections to the Magistrate Judge's Report and Recommendation, we will provide only a brief background to give some context to our discussion. The summary of factual allegations set out in Plaintiff's Complaint is sufficient for this purpose. (Doc. 1 at 2.)

> This is a prisoner rape case brought pursuant to 42 U.S.C. § 1983 which arises out of incidents which occurred at Monroe County Correctional Facility, Monroe County, Pennsylvania. Plaintiff began her incarceration at Monroe County Correctional Facility in April of 2006. Plaintiff brings this action against Commissioner Robert Nothstein, Commissioner Donna M. Asure, Commissioner Susan F. McCool, Warden David Keenhold, Security Director Daniel B. Slashinsky, Corrections Officer Dana Simpson, Corrections Officer Richard Chilmaza, Corrections Officer Frank Bell for damages she sustained when Defendants Dana Simpson, Richard Chilmaza, and Frank Bell sexually

2

> assaulted and sexually harassed her.
> Defendants, Keendhold, Slashinsky, Nothstien,
> Asure and McCool, were deliberately
> indifferent to Plaintiff's right to be free
> and safe from unwanted sexual contact by
> knowingly allowing Defendants, Simpson,
> Chilmaza, and Bell, to remain in contact with
> Plaintiff after they sexually harassed her
> and had unwanted sexual intercourse with her.
> Defendants Simpson, Chilmaza, and Bell were
> deliberately indifferent to her right to be
> free and safe from unwanted sexual contact.
> Plaintiff brings this action for compensatory
> damages, punitive damages, attorneys fees
> pursuant to 42 U.S.C. § 1988, interest at the
> maximum legal rate, court costs and such
> other and further relief as the Court deems
> equitable and just.[1]

(Doc. 1 at 2.)

## II. Applicable Standards

### A. *Screening*

Notwithstanding payment of the filing fee, the Prison Litigation Reform Act of 1995 ("PLRA")[2] requires the Court to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening - The court shall review,
> before docketing if feasible, or in any
> event, as soon as practicable after
> docketing, a complaint in a civil action in
> which a prisoner seeks redress from a
> governmental entity or officer or employee of

---

[1] For the purpose of this Memorandum and Order, we will refer to Defendants Simpson, Chilmaza and Bell as "Corrections Officer Defendants," Defendants Keenhold, Slashinsky, Nothstien, Asure and McCool as "Supervisory Defendants," and Defendants Monroe County and Monroe County Correctional Facility as "Municipal Defendants."

[2] Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

3

> a governmental entity.
>
> (b) Grounds for dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief against a defendant who is immune from such relief.

(28 U.S.C. § 1915A.)

The standard for determining whether a complaint "fails to state a claim upon which relief may be granted" under the PLRA is the same standard used when considering a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Bartelli v. Romanowksi*, No. 06-1309, 2007 WL 1113804, at *1 (3d Cir. Apr. 16, 2007) (*citing Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

**B.  *Motion to Dismiss***

A party may move to dismiss a claim or claims set forth in a plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted."  The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987).  "In evaluating the propriety of the dismissal, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

4

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (cited approvingly in *Phillips v. Co. of Alleghany*, 515 F.3d 224, 233 (3d Cir. 2008)). In the recent *Phillips* case, the Third Circuit Court of Appeals discussed the implications of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), in which the Court rejected the long-cited Rule 12(b)(6) standard that a claim should not be dismissed for failure to state a claim unless it appears that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Twombly*, 127 S. Ct. at 1965-69. As explained in *Phillips*,

> [t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. [*Twombly*, 127 S. Ct. at 1965.] This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.*

*Phillips*, 515 F.3d at 234.

### III. Discussion

Because of the number of claims and Defendants involved in this case, we will look at each count of Plaintiff's Complaint individually.

5

### A. Count I - Sexual Assault (Excessive Force) against Defendants Simpson, Chilmaza and Bell

We find no clear error in the Magistrate Judge's conclusion that this claim should go forward as to Corrections Officer Defendants - Defendants Simpson, Chilmaza and Bell. (*See* Doc. 3 at 6.)

### B. Count II - Harassment against Defendants Simpson, Chilmaza and Bell

We find no clear error in the Magistrate Judge's conclusion that this claim should go forward as to Corrections Officer Defendants. (*See* Doc. 3 at 6.)

### C. Count III - Failure to Protect against Defendants Keenhold, Slashinsky, Nothstein, Asure and McCool

Because we find sufficient factual assertions in Plaintiff's Complaint to support this count at this stage of the proceedings, unlike the Magistrate Judge we conclude this claim should go forward. (*See* Doc. 3 at 20-24.)

As recognized by the Magistrate Judge, a failure to protect claim is cognizable in a 42 U.S.C. § 1983 action in some circumstances. (Doc. 3 at 23.) Liability exists in situations where a prison official fails to protect an inmate if the official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*,

6

511 U.S. 825, 837 (1994); *see also Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997).

Here we find it possible that discovery could serve to enhance allegations made in Plaintiff's complaint which, in turn, could give rise to this form of § 1983 liability. Plaintiff avers that the Defendants named in this count "were deliberately indifferent to Plaintiff's right to be free and safe from unwanted sexual contact by knowingly allowing Defendants, Simpson, Chilmaza, and Bell, to remain in contact with Plaintiff after they sexually harassed and had unwanted sexual intercourse with her." (Doc. 1 at 2.) Plaintiff also alleges that Defendants Simpson, Chimaza and Bell were charged with two counts of Institutional Sexual Assault pursuant to 18 Pa. C.S.A. 3124.2 §§ A (Doc. 1 ¶ 21). Plaintiff does not provide details regarding these official charges or what knowledge the Defendants named in this count possessed or when they possessed it. However, at this stage of the proceedings, if we interpret Plaintiff's assertion to be that Defendants named in this count knew or suspected that the Correction Officer Defendants had improper sexual contact with Plaintiff and allowed the offending officers to be in continuing contact with Plaintiff, we conclude she has stated enough for us to find the *Farmer* standard could be met following discovery. Therefore, this claim properly goes forward as to the named (Supervisory) Defendants.

7

**D.  Count IV - 42 U.S.C. § 1983 Supervisory Liability Against All Defendants**

Because we find sufficient factual assertions in Plaintiff's Complaint to support this count at this stage of the proceedings, unlike the Magistrate Judge we conclude this claim should go forward as to all Defendants. (*See* Doc. 3 at 13.)

Supervisory liability may be found where a supervisory public official "implemented deficient policies and was deliberately indifferent to the resulting risk." *Heggenmiller v. Edna Mahan Correctional Institution for Women*, 128 Fed. Appx. 240, 246 (3d Cir. 2005) (not precedential) (*citing Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). As explained in *Heggenmiller*, the Third Circuit Court of Appeals held in *Sample* that

> a prison official may be liable under the Eighth Amendment if (1) existing policy or practice creates an unreasonable risk of Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice. *Sample*, 885 F.2d at 1118; *see also Beers-Capitol* [*v. Whetzel*], 256 F.3d 120[,] 134 [(3d Cir. 2001)]. . . . [W]hile our decision in *Sample* observes that the requisite "unreasonable risk" is normally shown by evidence that "such harm has in fact occurred on numerous occasions," *Sample*, 885 F.2d at 1118, "there are situations in which the risk of constitutionally cognizable harm is so great and so obvious that the risk and the failure of supervisory officials to respond will alone support findings of the existence of unreasonable risk, of knowledge of that unreasonable risk, and of indifference to

8

it." *Id.*

*Heggenmiller*, 128 Fed. Appx. at 246-47. *Sample* explained that "the rubric 'supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." 885 F.2d at 1116.

Although *Sample* involved the issue of the liability of an individual supervisor, the *Sample* Court relied on principles of liability established in *City of Canton v. Harris*, 489 U.S. 378 (1989) and *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) - both cases addressing municipal liability. In *City of Canton*, the Court recognized that a municipality may be held liable for a failure to train public employees in certain circumstances. 489 U.S. at 388. In *Monell*, the Court held a municipality may be liable under § 1983 where its policies are responsible for the constitutional violation. 436 U.S. at 694. As noted above, "supervision" - the subject of this count - entails training and policy issues. *See Sample*, 885 F.2d at 1116.

Where the Magistrate Judge found that the elements of a supervisory liability claim had to be made with "appropriate particularity" (Doc. 3 at 14), this heightened pleading standard is no longer applicable following the United States Supreme Court decision in *Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168 (1993). *See Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). In *Alston*, the Circuit Court noted that the plaintiff need not plead facts and need only make out a claim to survive a 12(b)(6) motion, explaining "[t]he need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages." *Alston*, 363 F.3d at 233 n.6 (citation omitted). The Third Circuit Court of Appeals confirmed that "a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

As discussed above, the facts asserted generally in Plaintiff's Complaint allege knowledge of improper conduct which created an unreasonable risk for Plaintiff (Doc. 1 at 2). In terms of the *Evancho* requirements set out above, the conduct specifically alleged with this count is that Defendants either directed, had knowledge of, or had a policy regarding subordinates' violation of federal rights (Doc. 1 ¶ 56); the time alleged is "at a time[] when one or more of the subordinate Defendants violated Plaintiff's rights" (*id.* ¶ 54); the place is the Monroe County Correctional Facility; and the persons responsible are all Defendants (*id.* at 10). Further, as asserted by Plaintiff, at this stage the "exact relationship and responsibilities between the Defendants cannot be ascertained." (*Id.* ¶ 55.)

10

Given the importance of discovery in these matters, we conclude Plaintiff's claim of supervisory liability should go forward as to all Defendants named in this count.

### E. Count V - 42 U.S.C. § 1983, Failure to Intervene, Non-Supervisory Against All Defendants

We find no clear error in the Magistrate Judge's conclusion that this claim should go forward as to Corrections Officer Defendants and be dismissed as to all other Defendants. (*See* Doc. 3 at 24-26.)

Liability under this theory requires that the official who failed to intervene had to be present and/or aware of the unjustified assault at the time it occurs thereby lending tacit support to those actually engaging in the offending conduct. *See Smith v. Mensinger*, 293 F.3d 641, 650-52 (3d Cir. 2002) (citations omitted). A plaintiff can succeed on this claim if she can show that a corrections officer had "a realistic opportunity to intervene" in the attack and did not do so. *Id.* at 652 (citation omitted).

As to the persons named in this count, Plaintiff claims Defendants Simpson, Chilmaza and Bell sexually assaulted her in the gym at the MCCF (Doc. 1 ¶ 19), and does not allege that any other Defendant was in the vicinity when the assaults occurred. Further, she does not provide any facts from which we can infer the ability to intervene by a Supervisory Defendant. Therefore, although it is not clear from the Complaint whether more than one of the

Correction Officer Defendants was in the gym or nearby at the same time or otherwise had the ability to intervene, this claim goes forward only as to the three Defendants Plaintiff claims "arranged to meet her in the gym where they would have sexual intercourse with Plaintiff" (Doc. 1 ¶ 19).

This claim is dismissed as to Supervisory Defendants Keenhold, Slashinsky, Nothstein, Asure and McCool. The claim against these Defendants will be dismissed without prejudice because, though not alleged, it is possible the proximal element could be met.

Further, because, by definition, the defendant in a failure to intervene claim must be a person, this claim is dismissed as to Municipal Defendants.

**F.   *Count VI - 42 U.S.C. § 1983 Conspiracy Against All Defendants***

We concur with the Magistrate Judge that this claim should go forward only as to Corrections Officer Defendants. (*See* Doc. 3 at 14-15.)

"Under the notice-pleading standard, a complaint must include more than 'conclusory allegations of concerted action. . . .' *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998). It must also contain at least some facts which, if proven, permit a reasonable inference of a conspiracy to be drawn." *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)." *Durham v. City and County of Erie*, 171 Fed. Appx. 412, 415 (3d Cir. 2006) (not precedential).

Although Plaintiff alleges conduct from which we can infer

12

concerted action by Simpson, Chilmaza and Bell elsewhere in her Complaint (see Doc. 1 at 6-8), Count VI does not go beyond conclusory allegations of conspiracy. This is a basis for dismissing the remaining Defendants from this claim. However, because Plaintiff's Complaint generally alleges that Defendants Keenhold, Slashinsky, Nothstein, Asure and McCool knowingly allowed Defendants Simpson, Chilmaza and Bell "to remain in contact with Plaintiff after they sexually harassed her and had unwanted sexual intercourse with her" (Doc. 1 at 2) this claim will be dismissed without prejudice as to the five Supervisory Defendants.

**G.   Count VII - 42 U.S.C. § 1983 Municipal Liability Against Defendants Monroe County and Monroe County Correctional Facility**

We find no clear error in the Magistrate Judge's conclusion that this claim goes forward except insofar as Plaintiff seeks punitive damages against the Municipal Defendants. (See Doc. 3 at 15.)

**H.   Count VIII - Assault and Battery Against All Defendants**

We find no clear error in the Magistrate Judge's conclusion that this claim goes forward only as to Corrections Officer Defendants in their individual capacities. (See Doc. 3 at 12.)

**I.   Count IX - False Imprisonment Against All Defendants**

We find no clear error in the Magistrate Judge's conclusion that this claim should be dismissed in its entirety. (See Doc. 3 at 11-12.)

13

**J.   Count X - Intentional Infliction of Emotional Distress Against All Defendants**

We find no clear error in the Magistrate Judge's conclusion that this claim goes forward only as to Corrections Officer Defendants in their individual capacities. (*See* Doc. 3 at 12-13.)

**K.   Count XI - Negligent Infliction of Emotional Distress Against All Defendants**

We find no clear error in the Magistrate Judge's conclusion that this claim should be dismissed in its entirety. (*See* Doc. 3 at 13.)

**L.   Punitive Damages**

As stated above, Plaintiff cannot seek punitive damages against the Municipal Defendants. Further, we find no clear error in the Magistrate Judge's conclusion that Plaintiff can request punitive damages against the eight non-municipal Defendants in their individual capacities but not in their official capacities in her § 1983 claims. (*See* Doc. 3 at 18.) Plaintiff can also request punitive damages in her surviving state law claims. (*Id.*)

### IV. Conclusion

For the reasons set out above, the following claims are dismissed either in whole or in part: 1) Count V for Failure to Intervene is dismissed without prejudice as to Supervisory and Municipal Defendants; 2) Count VI for Conspiracy is dismissed without prejudice as to Supervisory and Municipal Defendants; 3) Count VIII for Assault and Battery is dismissed as to Supervisory

and Municipal Defendants; 4) Count IX for False Imprisonment is dismissed in its entirety; 5) Count X for Intentional Infliction of Emotional Distress is dismissed as to Supervisory and Municipal Defendants; and 6) Count XI for Negligent Infliction of Emotional Distress is dismissed in its entirety.

Further, Plaintiff cannot seek punitive damages against Municipal Defendants or against Corrections Officer or Supervisory Defendants in their official capacities.

The following claims go forward: 1) Count I for Sexual Assault (Excessive Force) against Corrections Officer Defendants; 2) Count II for Harassment against Corrections Officer Defendants; 3) Count III for Failure to Protect against Supervisory Defendants; 4) Count IV for Supervisory Liability against all Defendants; 5) Count V for Failure to Intervene against Correction Officer Defendants; 6) Count VI for Conspiracy against Correction Officer Defendants; 7) Count VII for Municipal Liability against Municipal Defendants; 8) Count VIII for Assault and Battery against Correction Officer Defendants in their individual capacities; and 9) Count X for Intentional Infliction of Emotional Distress against Correction Officer Defendants in their individual capacities.

An appropriate Order follows.

                                                                             _____
                                                                             RICHARD P. CONABOY
                                                                             United States District Judge

DATED: _May 2, 2008_

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY KNIGHT, | : |
| | : CIVIL ACTION NO. 3:08-CV-0495 |
| Plaintiff, | : |
| | : (JUDGE CONABOY) |
| v. | : (Magistrate Judge Blewitt) |
| | : |
| DANA SIMPSON, et al., | : |
| | : |
| Defendants. | : |

**ORDER**

AND NOW, THIS _2nd_ DAY OF MAY 2008, FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 3) is adopted in part;

2. Count V for Failure to Intervene is dismissed without prejudice as to Supervisory and Municipal Defendants;

3. Count VI for Conspiracy is dismissed without prejudice as to Supervisory and Municipal Defendants;

4. Count VIII for Assault and Battery is dismissed as to Supervisory and Municipal Defendants;

5. Count IX for False Imprisonment is dismissed in its entirety;

6. Count X for Intentional Infliction of Emotional Distress is dismissed as to Supervisory and Municipal Defendants;

7. Count XI for Negligent Infliction of Emotional Distress is dismissed in its entirety;

8. Plaintiff cannot seek punitive damages against Municipal Defendants or against Corrections Officer or Supervisory Defendants in their official capacities;

9. The following claims go forward:

    a) Count I for Sexual Assault (Excessive Force) against Corrections Officer Defendants;

    b) Count II for Harassment against Corrections Officer Defendants;

    c) Count III for Failure to Protect against Supervisory Defendants;

    d) Count IV for Supervisory Liability against all Defendants;

    e) Count V for Failure to Intervene against Correction Officer Defendants;

    f) Count VI for Conspiracy against Correction Officer Defendants;

    g) Count VII for Municipal Liability against Municipal Defendants;

    h) Count VIII for Assault and Battery against Correction Officer Defendants in their individual capacities; and

    i) Count X for Intentional Infliction of Emotional Distress against Correction Officer Defendants in their individual capacities;

10. This case is remanded to the Magistrate Judge for further proceedings;

11. The Clerk of Court is to mark the docket.

                                                      RICHARD P. CONABOY
                                                     United States District Judge