| | |
|---|---|
| JANE S. SEBELIN, ESQUIRE<br>I.D. No. 88266<br>533 Delaware Avenue<br>Palmerton, PA 18071<br>(610) 826-3122 | Attorney for Plaintiff,<br>KIMBERLY KNIGHT |

| | |
|---|---|
| KIMBERLY KNIGHT,<br>   Plaintiff<br><br>Vs.<br><br>DANA SIMPSON,<br>individually and in his official capacity as a<br>Corrections Officer,<br><br>RICHARD CHILMAZA,<br>individually and in his official capacity as a<br>Corrections Officer,<br><br>FRANK BELL,<br>individually and in his official capacity as a<br>Corrections Officer,<br><br>DAVID G. KEENHOLD, CJM,<br>individually and in his official capacity as the<br>Warden of the Monroe County Prison,<br><br>DANIEL B. SLASHINSKY,<br>individually and his official capacity as the<br>Security Director at the Monroe County Prison,<br><br>ROBERT NOTHSTEIN,<br>individually and in his official capacity as a<br>Monroe County Commissioner,<br><br>DONNA M. ASURE,<br>individually and in her capacity as a<br>Monroe County Commissioner,<br><br>SUZANNE F. McCOOL,<br>individually and in her capacity as a<br>Monroe County Commissioner,<br><br>MONROE COUNTY, and<br><br>MONROE COUNTY, PRISON BOARD,<br>   Defendants. | IN THE UNITED STATES DISTRICT<br>COURT FOR THE MIDDLE DISTRICT<br>OF PENNSYLVANIA<br><br>No. 3:08-CV-495<br><br><br><br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

AND NOW, comes the Plaintiff, KIMBERLY KNIGHT, by and through her attorneys, SHULMAN SHABBICK & SEBELIN, and avers as follows:

## FACTUAL ALLEGATION

This is a prisoner rape case brought pursuant to 42 U.S.C. § 1983 which arises out of incidents which occurred at Monroe County Correctional Facility, Monroe County, Pennsylvania. Plaintiff began her incarceration at Monroe County Correctional Facility in April of 2006. Plaintiff brings this action against Commissioner Robert Nothstein, Commissioner Donna M. Asure, Commissioner Suzanne F. McCool, Warden David G. Keenhold, Security Director Daniel B. Slashinsky, Corrections Officer Dana Simpson, Corrections Officer Richard Chilmaza, and Corrections Officer Frank Bell for damages she sustained when Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell sexually assaulted and sexually harassed her. Defendants, Keenhold, Slashinsky, Nothstein, Asure, and McCool, were deliberately indifferent to Plaintiff's right to be free and safe from unwanted sexual contact by knowingly allowing Defendants, Simpson, Chilmaza, and Bell, to remain in contact with Plaintiff after they sexually harassed her and, in the case of Simpson and Chilmaza, had unwanted sexual intercourse with her. Defendants Simpson, Chilmaza, and Bell were deliberately indifferent to her right to be free and safe from unwanted sexual contact. Plaintiff brings this action for compensatory damages, punitive damages, attorneys fees pursuant to 42 U.S.C. § 1988, interest at the maximum legal rate, court costs and such other and further relief as the Court deems equitable and just.

### I.  JURISDICTION AND VENUE

1. This is a Civil Rights case brought pursuant to Title 42 U.S.C. § 1983. Plaintiff claims that the Defendants hereto acted under color of law and in their individual capacity. Federal question jurisdiction is predicated on 28 U.S.C. § 1331.

2. Venue is properly laid in the Middle District of Pennsylvania, pursuant to Title 28 U.S.C. § 1391(b) in that this is a Civil Action which is brought in the Federal Judicial District where the actions described in the Complaint occurred and damages resulted.

## II. ADMINISTRATIVE REQUIREMEMTS

3. This is an action brought pursuant to Title 42 U.S.C. § 1983 based on the 8th and 14th Amendments to the United States Constitution, Prohibitions against Cruel and Unusual Punishment for being subjected to sexual assault, harassment and failure to protect. Plaintiff has exhausted all available administrative remedies.

## III. PARTIES

4. Plaintiff, Kimberly Knight, at all times material hereto, was an inmate at Monroe County Correctional Facility in Stroudsburg, Pennsylvania, and was within the custody and control of the Defendants.

5. Defendant, Dana Simpson, at all times material hereto, was a Corrections Officer at Monroe County Correctional Facility in Stroudsburg, Pennsylvania. Defendant, Dana Simpson, was acting in his individual capacity and under color of law.

6. Defendant, Richard Chilmaza, at all times material hereto, was a Corrections Officer at Monroe County Correctional Facility in Stroudsburg, Pennsylvania. Defendant, Richard Chilmaza, was acting in his individual capacity and under color of law.

7. Defendant, Frank Bell, at all times material hereto, was a Corrections Officer at Monroe County Correctional Facility in Stroudsburg, Pennsylvania. Defendant, Frank Bell, was acting in his individual capacity and under color of law.

8. Defendant, David G. Keenhold, CJM, at all times material hereto, was the Warden at Monroe County Correctional Facility in Stroudsburg, Pennsylvania. Defendant, David G. Keenhold, CJM, was acting in his individual capacity and under color of law.

9. Defendant, Daniel B. Slashinsky, at all times material hereto, was the Security Director at Monroe County Correctional Facility in Stroudsburg, Pennsylvania. Defendant, Daniel B. Slashinsky, was acting in his individual capacity and under color of law.

10. Defendant, Robert Nothstein, at all times material hereto, was a Monroe County Commissioner. Defendant, Robert Nothstein, was acting in his individual capacity and under color of law.

11. Defendant, Donna Asure, at all times material hereto, was a Monroe County Commissioner. Defendant, Donna Asure, was acting in her individual capacity and under color of law.

12. Defendant, Suzanne F. McCool, at all times material hereto, was a Monroe County Commissioner. Defendant, Suzanne F. McCool, was acting in her individual capacity and under color of law.

13. Defendant, Monroe County, is a governmental entity within the Commonwealth of Pennsylvania empowered to establish, regulate, and control the Monroe County Correctional Facility and the laws and ordinances within its jurisdiction and for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the Defendant Monroe County.

14. Defendant, Monroe County Prison Board, is a governmental entity within the Commonwealth of Pennsylvania empowered to establish, regulate, and control the population of the Monroe County Correctional Facility and for the enforcement of the policies and procedures within its jurisdiction and for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the Monroe County Correctional Facility.

## IV. STATEMENT OF MATERIAL FACTS

15. The preceding paragraphs are incorporated herein by reference as though fully set forth herein.

16. Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell, were acting in their individual capacity and under color of law.

17. During Plaintiff's incarceration, Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell, would make sexual remarks towards Plaintiff, continuously flirted with Plaintiff, and, in the case of Simpson and Chilmaza, had unwanted sexual intercourse with Plaintiff.

18. During Plaintiff's incarceration, Defendants, Dana Simpson, Richard Chilmaza and Frank Bell, would give preferential or non-preferential treatment to Plaintiff based upon her compliance with Simpson, Chilmaza and Bell's sexual demands.

19. Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell arranged to meet Plaintiff in the gym where Simpson and Chilmaza would have sexual intercourse with Plaintiff.

20. Defendant, Frank Bell, would fondle Plaintiff, make sexual remarks toward Plaintiff, and flirted with Plaintiff.

21. Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell, would threaten to discipline Plaintiff whenever she refused their advances and/or would allow favors to Plaintiff when she accepted their advances.

22. Defendant, Dana Simpson, Richard Chilmaza and Frank Bell were charged with crimes resulting from their sexual activity and/or sexual intercourse with Plaintiff.

23. Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell also have complaints from other female inmates accusing them of sexual harassment and/or assault.

## COUNT I
## KIMBERLY KNIGHT
## V.
## DANA SIMPSON, RICHARD CHILMAZA, AND FRANK BELL
## (SEXUAL ASSAULT (EXCESSIVE FORCE))

24. The preceding paragraphs are incorporated herein by reference as though fully set forth.

25. Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell, were acting in their individual capacity and under color of law.

26. When Plaintiff entered Monroe County Correctional Facility, Defendants, Simpson, Chilmaza and Bell, began sexually harassing the Plaintiff, including making sexual comments to Plaintiff.

27. During Plaintiff's incarceration, Defendants, Simpson, Chilmaza and Bell, would threaten to discipline Plaintiff for refusing their sexual advances. Defendants, Dana Simpson, and Richard Chilmaza, had unwanted sexual intercourse with the Plaintiff. Frank Bell would fondle and sexually touch Plaintiff.

28. Plaintiff suffered damages and physical and mental injuries as a result of the actions of these Defendants.

29. The use of such force was excessive and applied maliciously, cruelly, and sadistically for the very purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

30. Defendants, Simpson, Chilmaza, and Bell's, conduct was willful, wanton, and deliberately indifferent to Plaintiff's health and safety, and justifies an award of punitive damages.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell, for compensatory damages,

punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate and such other and further relief as the Court deems equitable.

## COUNT II
## KIMBERLY KNIGHT
## V.
## DANA SIMPSON, RICHARD CHILMAZA, AND FRANK BELL
## (HARASSMENT)

31. The preceding paragraphs are incorporated herein by reference as though fully set forth.

32. Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell, were acting in their individual capacity and under color of law.

33. During the course of Plaintiff's incarceration at Monroe County Correctional Facility, Defendants, Dana Simpson, Richard Chilmaza, and Frank Bell would frequently make sexual advances and comments towards the Plaintiff.

34. During the course of Plaintiff's incarceration at Monroe County Correctional Facility, Defendants, Simpson, Chilmaza and Bell, would make sexual remarks towards Plaintiff, continuously flirted with Plaintiff, and fondled Plaintiff.

35. During the course of Plaintiff's incarceration at Monroe County Correctional Facility, Defendants, Simpson and Chilmaza, sexually assaulted the Plaintiff.

36. During the course of Plaintiff's incarceration at Monroe County Correctional Facility, Defendants, Simpson, Chilmaza, and Bell, would threaten to punish Plaintiff for not agreeing to their sexual advances and would reward her for agreeing to their sexual advances.

37. Defendants, Simpson, Chilmaza, and Bell's, conduct was willful, wanton and deliberately indifferent to Plaintiff's health and safety and justifies an award of punitive damages.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT III
## KIMBERLY KNIGHT
## V.
## DAVID G. KEENHOLD, CJM, DANIEL B. SLASHINSKY, ROBERT NOTHSTEIN, DONNA ASURE, SUZANNE F. McCOOL, MONROE COUNTY PRISON BOARD
## (FAILURE TO PROTECT)

38. The preceding paragraphs are incorporated herein by reference as though fully set forth.

39. The Defendants, Keenhold, Slashinsky, Nothstein, Asure, and McCool, were acting in their individual capacity and under color of law.

40. The Defendant, Keenhold, as Warden, had a duty to protect Plaintiff from injuries resulting from the actions of the Defendants Correctional Officers, Simpson, Chilmaza, and Bell.

41. Defendant, David G. Keenhold, knew or should have known of Defendants, Simpson, Chilmaza, and Bell's activities, that they had prior complaints for sexual harassment and/or assault and that Defendants, Simpson, Chilmaza, and Bell, continued to come into contact with the Plaintiff at Monroe County Correctional Facility.

42. Defendant, Daniel B. Slashinsky, had a duty to protect the Plaintiff from injuries resulting from actions of Defendant Correctional Officers, Simpson, Chilmaza, and Bell.

43. Defendant, Slashinsky, knew or should have known of Defendants, Simpson, Chilmaza, and Bell's activities, that they had prior complaints for sexual harassment and/or assault and that Defendants, Simpson, Chilmaza, and Bell, continued to come into contact with the Plaintiff at Monroe County Correctional Facility.

44. Defendant, Robert Nothstein, as Monroe County Commissioner, had a duty to protect Plaintiff from injuries resulting from actions of Defendant Correctional Officers, Simpson, Chilmaza, and Bell.

45. Defendant, Robert Nothstein, knew or should have known of Defendants, Simpson, Chilmaza, and Bell's activities, that they had prior complaints for sexual harassment and/or assault and that Defendants, Simpson, Chilmaza, and Bell, continued to come into contact with the Plaintiff at Monroe County Correctional Facility.

46. Defendant, Donna Asure, as Monroe County Commissioner, had a duty to protect Plaintiff from injuries resulting from actions of Correctional Officers.

47. Defendant, Donna Asure, knew or should have known of Defendants, Simpson, Chilmaza, and Bell's activities, that they had prior complaints for sexual harassment and/or assault and that Defendants, Simpson, Chilmaza and Bell, continued to come into contact with the Plaintiff at Monroe County Correctional Facility.

48. Defendant, Suzanne McCool, as Monroe County Commissioner, had a duty to protect Plaintiff from injuries resulting from actions of Correctional Officers.

49. Defendant, Suzanne McCool, knew or should have known of Defendants, Simpson, Chilmaza and Bell's activities, that they had prior complaints for sexual harassment and/or assault and that Defendants, Simpson, Chilmaza, and Bell, continued to come into contact with the Plaintiff at the Monroe County Correctional Facility.

50. Defendant, Monroe County Prison Board, had a duty to protect Plaintiff from injuries resulting from actions of Correctional Officers.

51. Defendant, Monroe County Prison Board knew or should have known of Defendants, Simpson, Chilmaza and Bell's activities, that they had prior complaints for sexual

harassment and/or assault and that Defendants, Simpson, Chilmaza, and Bell, continued to come into contact with the Plaintiff at the Monroe County Correctional Facility.

52. All Defendants acted in such a way as to endanger the Plaintiff's health and well-being.

53. Defendants' actions amount to deliberate indifference to Plaintiff.

54. The volume of sexual misconduct problems at this institution is problematic and an indicator of a systemic issue of general lack of safety at the prison.

55. Defendants' conduct as alleged herein was willful, wanton and deliberately indifferent to Plaintiff's health and safety, and justifies an award of punitive damages.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

### COUNT IV
### KIMBERLY KNIGHT
### V.
### ALL DEFENDANTS
### (42 U.S.C. § 1983, SUPERVISORY LIABILITY)

56. The preceding paragraphs are incorporated herein by reference as though fully set forth.

57. One or more of the Defendants acted in a supervisory capacity under the circumstances, and at a time, when one or more of the subordinate Defendants violated the Plaintiff's rights as set forth hereinbefore.

58. The exact relationship and responsibilities between the Defendants inter se, cannot be ascertained pre-trial except to allege with certainty that Defendant Warden Keenhold

acted in a supervisory capacity with regard to Defendants, Corrections Officers, based upon his obvious rank.

59. In that regard, the Supervisory Defendants, now known and unknown, either directed the conduct which resulted in the violation of the Plaintiff's federal rights as alleged; or, had actual knowledge of the subordinates violation of Plaintiff's federal rights and acquiesced in said violations; or, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation or, had a policy of maintaining no policy, where one or more policies or regulations were clearly needed.

60. As a result of the deficient supervision of the Defendants, Plaintiff suffered the damages alleged hereinbefore.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

### COUNT V
### KIMBERLY KNIGHT
### V.
### DANA SIMPSON, RICHARD CHILMAZA, AND FRANK BELL
### (42 U.S.C § 1983, FAILURE TO INTERVENE, NON-SUPERVISORY)

61. The preceding paragraphs are incorporated herein by reference as though fully set forth.

62. Each Defendant is liable for failing to intervene to prevent the constitutional violations of Plaintiff's federally protected rights, as claimed herein, by the other Defendants, or by other offenders presently unknown to the Plaintiff.

63. Plaintiff's Constitutional rights were violated as alleged herein.

64. Under circumstances where a named Defendant was not the violator of a given right as alleged, he had the duty to intervene, including the duty to intervene to prevent an cruel and unusual punishment, false imprisonment, the use of excessive force, malicious prosecution, and the denial of adequate medical care.

65. Each of the Defendants had a reasonable opportunity to intervene.

66. Each of the Defendants failed to intervene.

67. Each non-intervening Defendant is liable for the harm, and hence damages, suffered by the Plaintiff, as aforesaid.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT VI
## KIMBERLY KNIGHT
## Vs.
## DANA SIMPSON, RICHARD CHILMAZA, AND FRANK BELL
## (42 U.S.C 1983, CONSPIRACY)

68. The preceding paragraphs are incorporated herein by reference as though fully set forth.

69. The Defendants participated in a conspiracy to engage in a sexual assault upon Plaintiff in during her incarceration at Monroe County Correctional Facility, and thereafter concealed their own wrongful acts and omissions.

70. This conspiracy, as it applied to the Plaintiff herein, was an express or implied agreement between the Defendants and others to deprive the Plaintiff of her constitutional rights, inter alia, to be free from cruel and unusual punishment.

71. The Defendants were voluntary participants in the common venture, understood the general objectives of the plan, knew it involved the likelihood of the deprivation of constitutional rights, accepted those general objectives, and then agreed, either explicitly or implicitly, to do their part to further those objectives.

72. The Defendants then did each, either act, or where there was a duty to act, refrain from acting, in a manner intended to facilitate the deprivation of the Plaintiff's constitutional rights alleged.

73. An actual deprivation of those rights did occur to the Plaintiff resulting from the said agreement or common design, and as a foreseeable consequence thereof.

74. The Defendants, and each of them, are jointly and severally responsible for the injuries caused by their fellow co-conspirators even if, or when, their own personal acts or omissions did not proximately contribute to the injuries or other harms which resulted.

75. As a result of the conspiracy entered into and acted upon by the Defendants, and other co-conspirators, Plaintiff suffered a deprivation of her constitutional rights, and suffered damages as aforesaid.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

**COUNT VII
KIMBELRY KNIGHT
V.
MONROE COUNTY
AND
MONROE COUNTY PRISON BOARD
<u>(42 U.S.C 1983, MUNICIPAL LIABILITY)</u>**

76. The preceding paragraphs are incorporated herein by reference as though fully set forth.

77. Prior to April 1, 2006, the Defendants Monroe County and Monroe County Prison Board developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Monroe County and the Monroe County Correctional Facility, which caused the violation of Plaintiff's constitutional rights.

78. It was the policy and/or custom of the Defendant Monroe County and Monroe County Prison Board to inadequately and improperly investigate complaints of correction officer misconduct, and acts of misconduct were instead tolerated by Monroe County and Monroe County Prison Board, including, but not limited to, complaints of sexual misconduct by corrections officers at the Monroe County Correctional Facility.

79. It was also the policy and/or custom of the Defendant Monroe County and Monroe County Prison Board to inadequately screen during the hiring process and to inadequately train and supervise its corrections officers, including Defendant corrections officers, thereby failing to adequately discourage further constitutional violations on the part of its corrections officers in general and Defendant officers in particular.

80. The Defendant Monroe County and Monroe County Prison Board did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in sexual misconduct or who were known to encourage or tolerate same.

81.  The Defendant Monroe County and Monroe County Prison Board also did not adopt needed policies, which should have been intended and calculated to avoid the Constitutional violations referred to herein.

82.  As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, corrections officers of the Monroe County Correctional Facility, including the Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

83.  The above described policies and customs, and the failure to adopt necessary and appropriate policies, demonstrated a deliberate indifference on the part of the policymakers of the Defendant Monroe County and Monroe County Prison Board, which group of policymakers includes but is not limited to Individuals on the Board, Defendants, Warden Keenhold and Daniel B. Slashinsky, and were the cause of the violation of the Plaintiff's rights as alleged herein, and the claimed damages which resulted therefrom.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, for compensatory damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT VIII
## KIMBERLY KNIGHT
## V.
## DANA SIMPSON, RICHARD CHILMAZA, AND FRANK BELL
## (ASSAULT AND BATTERY)

84. The preceding paragraphs are incorporated herein by reference as though fully set forth.

85. Defendants assaulted and battered the Plaintiff.

86. As a result of their assaults and batteries, Plaintiff suffered the damages aforesaid.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## COUNT IX
## KIMBERLY KNIGHT
## V.
## DANA SIMPSON, RICHARD CHILMAZA, AND FRANK BELL
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

87. The preceding paragraphs are incorporated herein by reference as though fully set forth.

88. The aforesaid extreme and outrageous conduct, acts or omissions of the individual Defendants were calculated, designed, and intended by the individual Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychological pain and suffering upon the Plaintiff and to instill in her mind an immediate and permanent sense of fear and trepidation. Said conduct, acts or omissions, surpass all bounds of decency universally recognized in a civilized society.

89. As a direct and proximate result and consequence of the aforesaid conduct, acts or omissions of the Defendants, which constitutes extreme and outrageous conduct, the Plaintiff suffered damages as aforesaid.

WHEREFORE, Plaintiff, Kimberly Knight, hereby requests judgment against Defendants, for compensatory damages, punitive damages, reasonable attorneys fees pursuant to 42 U.S.C. § 1988, court costs, interest at the maximum legal rate, and such other and further relief as the Court deems equitable.

## OTHER MATTERS

90. Plaintiff respectfully requests a jury of 12 jurors to deliberate upon the within causes of action.

91. The within case is not subject to arbitration under Local Civil Rule 53.2.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court for each count alleged:

   A. Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

   B. Award punitive damages to Plaintiff against the individual Defendants in their individual capacities, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

   C. Award reasonable attorney's fees and costs to Plaintiff;

   D. Enter an Order enjoining Defendants from engaging in the future in the conduct identified in the Complaint as violative of 42 U.S.C. §1983; and further affirmatively requiring the Defendants Monroe County and Monroe County Correctional Facility to engage in appropriate remedial efforts to adopt, and enforce, policies for Monroe County and Monroe County Correctional Facility which are calculated and

intended to preclude the conduct alleged to have been engaged in by the named Defendants named herein.

    E.    Award such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

SHULMAN SHABBICK & SEBELIN

Date: June 19, 2008    By *Jane S. Sebelin /S/*
JANE S. SEBELIN
I. D. No. 88266
Attorney for Plaintiff
533 Delaware Avenue
Palmerton, Pennsylvania 18071
(610) 826-3122